

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| **GENERAL MOTORS CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3-99CV2625-L** |
| | § | |
| **AMERICAN ECOLOGY** | § | |
| **ENVIRONMENTAL SERVICES CORP.** | § | |
| **f/k/a GIBRALTAR CHEMICAL** | § | |
| **RESOURCES, INC., AMERICAN** | § | |
| **ECOLOGY CORP., and MOBLEY** | § | |
| **ENVIRONMENTAL SERVICES, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF GENERAL MOTORS CORPORATION'S WITNESS LIST

Pursuant to the Scheduling Order dated February 11, 2000, and in accordance with Local

Rule 16.4, Plaintiff General Motors Corporation ("GM") submits its Witness List as follows:

1.    Artis M. Noel
      General Motors Corporation
      New Center One Building
      3031 West Grand Boulevard, Suite 7311
      Detroit, Michigan 48202
      (313) 974-1186

Mr. Noel is a **probable** witness. He has been deposed, but GM expects to call him as a live witness. Mr. Noel is an in-house attorney for General Motors Corporation. His testimony will be consistent with the facts set forth in his affidavit which was filed in support of Plaintiff General Motors Corporation's Motion for Summary Judgment. In general, Mr. Noel will testify that GM entered into a Corporate Purchase Agreement (the "Agreement") with Defendants' predecessor on September 20, 1989, and that in September, 1995, Defendant American Ecology Corporation ("AEC") assumed the obligations of its predecessor under the Agreement. Mr. Noel will further testify that, pursuant to the Agreement, Defendants were obligated to defend

**PLAINTIFF GENERAL MOTORS CORPORATION'S WITNESS LIST - Page 1**

and indemnify GM should a claim be asserted against GM for damages arising out of Defendants' acts or omissions.

Additionally, Mr. Noel will testify that in August 1996, General Motors was sued in a lawsuit styled, *Adams, et al v. American Ecology Environmental Services Corporation, et al.* ("*Adams Litigation*"), in which the Plaintiffs alleged personal injury and property damage arising out of Defendant's operation of their hazardous waste disposal facility. Mr. Noel will further testify regarding the numerous demands made upon Defendants for a defense and indemnity in the *Adams Litigation* and Defendants' denial and/or lack of response to such demands. Mr. Noel will also testify regarding the settlement that GM entered into with the Plaintiffs in the *Adams Litigation* and GM's reasoning in entering into that settlement. Mr. Noel will further testify that Defendants failed to obtain insurance coverage for General Motors as required by the Agreement and that Defendants' insurer, Zurich Insurance Company ("Zurich") sued GM in state court (the *"Zurich Litigation"*) seeking a declaratory judgment that General Motors was not entitled to a defense and indemnity under AEC's insurance policy.

Finally, Mr. Noel will testify that GM paid $1.5 million in settlement of the *Adams Litigation*, $488,800.45 in attorneys' fees and expenses, including guardian ad litem, expert witness fees and joint counsel fees in connection with the *Adams Litigation* and $17,000.00 in attorneys' fees in the *Zurich Litigation*.

2.      Lawrence Camilleri
        Senior Environmental Project Engineer
        General Motors Corporation
        Argonaut Building
        485 West Milwaukee, Room 325
        Detroit, Michigan 48202
        (313) 556-2725

Mr. Camilleri is a **probable** witness. He has been deposed, but GM expects to call him as a live witness. Mr. Camilleri's testimony includes the subject matters covered in his deposition. He is presently an environmental engineer for GM. However, he was previously in GM's purchasing department, and had responsibility for negotiating contracts with hazardous waste facility operators such as Defendants. Mr. Camilleri signed the Agreement on behalf of GM, and had responsibility for monitoring compliance with the Agreement's terms. He will testify about GM's reliance on its service providers to give it accurate and up-to-date information about their compliance with the Agreement's terms and any significant occurrences. Mr. Camilleri may also give testimony about conversations with representatives of the Defendants regarding the operation of Defendants' facility. Mr. Camilleri may also testify generally about how service contracts were negotiated and about the terms of the Agreement. Finally, he may testify about the Agreement's insurance requirements and Defendants' failure to comply with that portion of the Agreement over the years.

3.      Charles ("Chuck") Wyrick
        2440 Adams
        Oakland, MI 48363
        (248) 693-4388

Mr. Wyrick is a **probable** witness. He has been deposed but GM expects to call him
as a live witness. Mr. Wyrick's testimony will include the subjects discussed in his
deposition. Mr. Wyrick is currently retired from General Motors Corporation. He
was employed by General Motors Corporation as an environmental auditor, part of
GM's environmental services group. Mr. Wyrick will testify about various
communications he had with representatives of Defendants, two visits which he made
to the facility, and his efforts to audit the Defendants' facility to ensure it was being
operated in compliance with all applicable laws and regulations. Mr. Wyrick will
testify regarding his concerns related to Defendants' operation of the facility, their
efforts to address Mr. Wyrick's concerns, and the significance of certain information
that the facility failed to disclose to GM regarding the handling of its waste.

4.      Larry Cottrell
        Environmental Engineer
        General Motors Corporation
        Argonaut A Bldg.
        482-302-205
        485 Milwaukee
        Detroit, MI 48202
        (313) 556-2725

Mr. Cottrell is a **probable** witness. He has been deposed but GM expects to call him
as a live witness. Mr. Cottrell's testimony will include the subjects discussed in his
deposition. He is an environmental engineer for GM. He will testify generally about
GM's policies with regard to selecting and monitoring companies which provide
services relating to waste disposal and the Company's basis for such policies. He will
testify specifically regarding Defendants' operation of the facility and GM's
knowledge about various breaches of the Agreement. He may also give testimony
about the consequences to companies who do not follow GM policies and the
procedure for terminating an agreement with a hazardous waste treatment storage and
disposal facility.

5.      Rowland Foster
        Law Office of Rowland Foster
        P. O. Box 267
        West Court Plaza
        Anson, Texas 79501
        (915) 823-3800

Mr. Foster is an **expert** witness. He has been deposed in this case, but GM expects to call him as a live witness at trial. Mr. Foster's testimony will be consistent with the reports he has issued in this case. He will testify that the settlement GM entered into in the *Adams Litigation* was reasonable and that the attorneys' fees incurred by GM in both the *Adams Litigation* and the present case were reasonable and necessary.

6.      Davis L. Ford, PhD, P.E.
        Davis L Ford & Associates
        701 Brazos, Suite 550
        Austin, Texas 78701
        (512) 320-5998

Dr. Ford is an **expert** witness who has been deposed in this case. His testimony will be consistent with the facts and opinions set forth in his expert report dated June 22, 1999, supplemental expert report dated August 23, 2000 and rebuttal report dated October 6, 2000 (including corrections served December 5, 2000). In general, Dr. Ford will testify on the subject of Defendants' failure to comply with various statutes and regulations relating to the transportation, storage, treatment and disposal of hazardous waste. His testimony will include that Defendants violated and otherwise failed to comply with state and federal statutes and regulations in the operation of their facility. Dr. Ford may also give testimony on the Defendants' compliance with the terms of the Agreement and the trade meaning of various terms in the Agreement. Dr. Ford may also give rebuttal testimony in response to evidence produced by Defendants.

7.      Robert C. Hilliard and John T. Flood
        Hilliard and Munoz, P.C.
        719 South Shoreline, Suite 600
        Corpus Christi, Texas 78404
        (361) 882-1612

Mr. Hilliard and Mr. Flood are **possible** witnesses, neither of whom has been deposed. Mr. Hilliard and Mr. Flood represented the plaintiffs in the *Adams Litigation*. They have knowledge of the evidence that the plaintiffs planned to present in the *Adams Litigation*, had it gone to trial, as well as the bases for the claims against the defendants in that lawsuit, specifically, GM and Defendants. They have knowledge of the absence of any evidence to prove any independent acts of negligence on the part of GM. They were involved in the settlement negotiations with GM, and have familiarity with communications made by GM and its counsel regarding settlement of the *Adams Litigation*. Mr. Hilliard and Mr. Flood also have knowledge of trial strategies against GM and other similarly situated *Adams Litigation* defendants, as well as trial strategies against Defendants.

8.      Robert G. Newman
        Fulbright & Jaworski, L.L.P.

**PLAINTIFF GENERAL MOTORS CORPORATION'S WITNESS LIST - Page 4**

654576.1/SP2/36122/0586/07162001

300 Convent St., Suite 2200
San Antonio, Texas 78205-3792
(210) 224-5575

Mr. Newman is a **possible** witness who has not been deposed. Mr. Newman is an attorney with Fulbright & Jaworski. He was lead counsel in the *Adams Litigation* for other defendants that were situated similarly to GM that settled prior to the time General Motors settled. He may be called to give testimony regarding the reasons for settling the *Adams Litigation*, as well as the fees incurred by his clients in the *Adams Litigation*.

9.    Carole Garis-Graves
      GM-Arlington Plant
      Financial Department
      2525 E. Abram
      Arlington, Texas 76010-1390
      (817) 652-2256

Ms. Garis-Graves is a **possible** witness who has not been deposed in this case. Ms. Garis-Graves worked as the environmental engineer for the GM's facility in Arlington, Texas, which was one of the GM facilities that used Defendants' services to dispose of various hazardous wastes and by-products. Ms. Garis-Graves may testify about various communications with the representatives of Defendants regarding waste handling issues. She may also testify about the GM-Arlington facility's use of services and audits of the Defendants' facility.

10.   Karen Miller
      (Last known address)
      URS Radian Corporation
      15705 Long Vista Drive
      Austin, Texas 78728-3823
      (512) 251-4932

Ms. Miller is a **possible** witness who has not been deposed. She is an environmental auditor employed by Radian Corporation in 1993 and 1994. GM hired Radian to perform an audit of the Defendants' facility. Ms. Miller may be called to testify about communications with representatives of the Defendants in the course of the audit that she performed on behalf of GM and various other companies in late 1993, as well as her findings and conclusions. She may also testify about the audit process generally, including what an environmental auditor does during an audit, the types of issues are typically of concern, and the significance of certain information which the facility failed to disclose to GM regarding the handling of its waste.

Respectfully submitted,

_Karen B. Willcutts_

**KIRK F. SNIFF**
State Bar No. 18797800
**KAREN BROWN WILLCUTTS**
State Bar No. 03149750
**ASHLEY T. KISNER**
State Bar No. 00791783
**STRASBURGER & PRICE, L.L.P.**
901 Main Street, Suite 4300
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**
**GENERAL MOTORS CORPORATION**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been forwarded to all counsel of record on this, the _16th_ day of July, 2001.

_Karen B. Willcutts_

**KAREN B. WILLCUTTS**