ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 30 2001

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| GENERAL MOTORS CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3-99CV2625-L |
| | § | |
| AMERICAN ECOLOGY | § | |
| ENVIRONMENTAL SERVICES CORP. | § | |
| f/k/a GIBRALTAR CHEMICAL | § | |
| RESOURCES, INC., AMERICAN | § | |
| ECOLOGY CORP., and MOBLEY | § | |
| ENVIRONMENTAL SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF GENERAL MOTORS CORPORATION'S MOTION IN LIMINE
## AND BRIEF IN SUPPORT

General Motors Corporation ("GM") files this Motion in Limine before trial of the

above civil action has begun and before receipt of any evidence, as follows:

GM moves the Court to instruct counsel for Defendants, Defendants' witnesses, and

any representative of Defendants to refrain from mentioning or divulging, directly or

indirectly, or inquiring during testimony of the witness, any of the following in the presence

of the jury without first receiving a ruling from the Court with regard to any claim or theory

of admissibility of such matter:

1.      Any evidence or mention of GM's financial prosperity, including, but not

limited to, references to GM as a Fortune 50 company or references to GM's net worth,

sales volume or stock value.  Such information is irrelevant and immaterial to the issues

involved in this case.  FRE 402.  Even if relevant, such evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue and misleading the jury.  FRE 403.

2.    Any evidence or mention of any of the Defendants' financial condition, financial hardship or lack of resources.  Such evidence is irrelevant and immaterial to the issues involved in this case.  FRE 402.  Even if relevant, such evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  FRE 403.

3.    Any evidence, mention or references to the fact, amount or terms of GM's settlement with Mobley Environmental Services, Inc.  Such evidence is not relevant, and even if relevant, should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.  FRE 402 and 403.

4.    Any evidence, mention or references to any notices allegedly given to GM of any incident, release or detainment involving Byproduct not previously disclosed by Defendants in answer to GM's interrogatories[1] or in deposition.  FRCP 37.

---

[1]See Interrogatory No. 5 in Plaintiff's First Set of Interrogatories to Defendant American Ecology Environmental Services Corp. f/k/a Gibraltar Chemical Resources, Inc.

5.     Any evidence or mention of alleged negligent GM acts or omissions not previously disclosed by Defendants in answer to GM's interrogatories[2] or in deposition. FRCP 37.

6.     No evidence or mention of any of the following which occurred or were disclosed or produced in the Adams Litigation after July 28, 1999: settlements by other defendants, including the monetary amount of such settlement; any and all evidence, including deposition testimony, discovery responses or documents.  Such evidence is not relevant, and if relevant should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  FRE 402 and 403.  Such evidence is not relevant because the reasonableness of a settlement should be judged in light of the information available at the time the agreement is reached. *Gulf, Colorado & Santa Fe Rwy. Co. V. G.C. McBride*, 322 S.W.2d 492, 495-98 (Tex. 1958).  Further, the determination regarding the reasonableness of a settlement should be made from the settling party's standpoint at the time of settlement.  *Molette Penrod Drilling Co.*, 919 F.2d 1000, 1006 (5th Cir. 1990).

7.     No mention or evidence regarding information redacted from documents produced by GM in this case.  Such information was redacted based on the attorney-client privilege and Defendants' have waived any objection to the redaction by failing to file a

---

[2]See Interrogatory Nos. 8 and 9 in Plaintiff's First Set of Interrogatories to Defendant American Ecology Environmental Services Corp. f/k/a Gibraltar Chemical Resources, Inc.; Interrogatory No. 4 in Plaintiff's First Set of Interrogatories to Defendant American Ecology Corp.; and Interrogatory Nos. 5, 6 and 7 in Plaintiff's Second Set of Interrogatories to Defendant American Ecology Corp.

motion to compel with this Court. Such evidence is, therefore, not admissible and any mention of it would only serve to mislead, confuse and prejudice the jury. FRE 403.

8.     No mention or evidence regarding the meaning of any term or provision in Corporate Purchase Agreement No. 3837. Extrinsic evidence is inadmissible to interpret an unambiguous, fully integrated contract. *Epps v. NCNB Texas Nat'l. Bank*, 838 F.Supp. 296, 301-302 (N.D. Tex. 1993) *aff'd*, 7 F.3d 44 (5th Cir. 1993).

WHEREFORE, PREMISES CONSIDERED, Plaintiff General Motors Corporation moves the Court to instruct Defendants' counsel, Defendants' witnesses and any representatives of Defendants not to make any mention, comments, question or answer, concerning the above matters, or any presentation of evidence in the case, or in the cross-examination or examination of witnesses, or in argument unless counsel first approaches the bench and obtains a ruling from the Court with regard to any claim or theory of admissibility of such matter.

Respectfully submitted,

**KIRK F. SNIFF**
State Bar No. 18797800
**KAREN BROWN WILLCUTTS**
State Bar No. 03149750
**ASHLEY T. KISNER**
State Bar No. 00791783
**STRASBURGER & PRICE, L.L.P.**
901 Main Street, Suite 4300
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 30, 2001, I conferred with counsel for Defendants regarding the foregoing motion. Defendants' counsel indicated that Defendants agree to item no. 3 in the foregoing motion, but do not agree with any of the other items. Accordingly, items 1 through 2 and 4 through 8 are presented to the Court for determination.

KAREN BROWN WILLCUTTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via facsimile and certified mail, return receipt requested, to counsel for Defendants, Tracy Crawford, Ramey & Flock, P.C., 500 First Place, Tyler, Texas 75702, on this _____ day of July, 2001.

KAREN BROWN WILLCUTTS

**PLAINTIFF GENERAL MOTORS CORPORATION'S MOTION IN LIMINE AND BRIEF IN SUPPORT — Page 5 of 5**

695418.1/SP2/36122/0586/07302001