

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 4 2002

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| GENERAL MOTORS CORPORATION | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 3-99CV2625-L |
| | § |
| | § |
| AMERICAN ECOLOGY | § |
| ENVIRONMENTAL SERVICES | § |
| CORP. F/K/A GIBRALTAR | § |
| CHEMICAL RESOURCES, INC., | § |
| AMERICAN ECOLOGY CORP., et al. | § |
| | § |
| Defendants. | § |

**AMERICAN ECOLOGY CORPORATION AND**
**AMERICAN ECOLOGY ENVIRONMENTAL SERVICES CORP.'S**
**RESPONSE TO GENERAL MOTORS CORPORATION'S MOTION TO COMPEL,**
**MOTION FOR PROTECTIVE ORDER, AND BRIEF IN SUPPORT**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

COMES NOW, American Ecology Corporation ("AEC") and American Ecology Environmental Services Corp. ("AEESC"), Defendants, and file their Response to General Motors Corporation's ("General Motors") Motion to Compel and Brief in Support thereof. Defendants AEC and AEESC would respectfully show unto the Court as follows:

**I.**
**INTRODUCTION**

General Motors seeks to compel production of the confidential Settlement Agreement between the American Ecology entities and Zurich American Insurance Company ("Zurich") in an unrelated matter filed in New York. The confidentiality provision in that Settlement Agreement was

a major inducement for the parties to enter into the Settlement Agreement.   The Settlement Agreement between the American Ecology entities and Zurich should not be required to be disclosed in this matter for the following reasons:

1.  The Agreement is not responsive to General Motor's Request for Production No. 19.

2.  The Agreement is irrelevant to the issues in this case.

3.  The potential harm to AEC and/or Zurich clearly outweighs the benefit of its production.

Therefore, General Motors Motion to Compel should be denied.

## II.
### ARGUMENT AND AUTHORITIES
### SETTLEMENT AGREEMENT IS NON-RESPONSIVE

The Defendants should not have to produce the Settlement Agreement in question to General Motors because it is not responsive to General Motors' Request for Production.   General Motors erroneously asserts that the Defendants are required to produce the Settlement Agreement in question in response to General Motors' Request for Production No. 19.   Request No. 19 states as follows:

"True, correct and legal copies of any contract, agreement, release or other documentation of any settlement, agreement or understanding between *AEESC and any party* relating to the *Adams* litigation or this lawsuit."

Zurich was not a party to the *Adams* litigation or this lawsuit.   Therefore, the Settlement Agreement between the American Ecology entities and Zurich is not responsive to Request No. 19, and should not be required to be disclosed.

## III.
## SETTLEMENT AGREEMENT IS IRRELEVANT

Further, the Settlement Agreement between the American Ecology entities and Zurich is not relevant to the issues in this case.  Rule 26(b)(1) of the Federal Rules of Civil Procedure requires that settlement-related information must be relevant to the subject matter of the action or is likely to lead to relevant evidence before it has to be produced.  The fact that the American Ecology entities and Zurich settled any contested issues between those two entities is irrelevant to the issues raised by General Motors in this case.   General Motors has the burden of showing the relevancy of this document to this matter[1] and has failed to do so.  In its Motion to Compel, General Motors blanketly states that the relevancy and materiality are clear.[2]  However, that statement is incorrect and General Motors has failed to show relevancy or materiality.   General Motors has recently moved for summary judgment on its alleged damages for AEC's alleged failure to list General Motors as an additional insured on their Zurich insurance policies, as determined by this Court in its Memorandum Opinion and Order issued on August 30, 2001 on General Motors' Motion for Summary Judgment.  General Motors specifically contends that it should have been added to the 1996 Zurich EIL policy, and if it had, all of its settlement and defense costs in the *Adams* litigation would have been covered under the Zurich policy because the American Ecology entities' settlement, and defense costs in the *Adams* litigation were allegedly covered in the settlement between the American Ecology entities and Zurich.  General Motors asks this Court to find that General Motors

---

[1] *American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 742 (Fed.Cir. 1987).

[2] General Motors Corporation's Motion to Compel, Motion to Shorten Time to Respond and Brief in Support Thereof, pg. 1.

is entitled to its alleged damages in this case because the American Ecology entities and Zurich settled the contested issues amongst those two entities in other litigation in New York. General Motors' reasoning is simply wrong.

Opposing parties settle cases for various and not necessarily mutual reasons; therefore, one cannot assume that the terms of a settlement would be relevant to the issues of liability or damages.[3] This is especially true when the settlement occurred in another case involving totally different issues and parties. A settlement of contested issues between the American Ecology entities and its insurance carrier is irrelevant to any issue regarding General Motors and any potential insurance coverage General Motors may have had or not had in the *Adams* litigation. Zurich contested the American Ecology entities' coverage in several cases and apparently decided to settle those issues without any admission of liability.[4] On the other hand, Zurich refused from inception to add General Motors as an additional insured to their insurance policies covering the AEESC facility. AEC requested Zurich to add General Motors as an additional insured pursuant to the agreement between AEC and General Motors. However, Zurich refused to add General Motors as an additional insured.[5] Therefore, General Motors' claim that the settlement between the AEC entities and Zurich is relevant to this case is completely misguided. The AEC entities were "insureds" under the Zurich policies. Although Zurich may have contested the extent of its liability to the American Ecology entities, the American Ecology entities were "insureds". General Motors was never an additional

---

[3] *Centillion Data Systems, Inc. v. Ameritech Corp., etc.*, 193 F.R.D. 550, 553 (S.D. Ind 1999)

[4] Affidavit of Robert M. Trimble, Paragraph 4, attached hereto as Appendix A.

[5] Affidavit of Toni Graham, Paragraph 3, attached hereto as Appendix B.

insured under any Zurich policy related to the facility because Zurich refused to allow them to be added - not because AEC failed to request them to be added. Zurich informed AEC that it refused to allow the facility's customers to be added as additional insureds because it would broaden the coverage of the policy to an unacceptable degree.[6] Because Zurich's internal policy never allowed General Motors to be added as an additional insured under their policies, the settlement between Zurich and the AEC entities is not relevant to this matter.

Further, the Court's August 30, 2001 Memorandum Opinion Order never determined that the American Ecology entities failed to have General Motors listed on the Zurich policies. The Court's August 30, 2001 Order also never found that General Motors would have had coverage under the Zurich policy. Although highly disputed by AEC and AEESC, the Court simply determined that AEC failed to provide coverage for General Motors.[7] Coverage for General Motors would have had to come from a source other than Zurich due to Zurich's refusal to add Defendant's customers as additional insureds to their policies. Therefore, the coverage would more than likely not have not been the same coverage afforded the American Ecology entities by Zurich. One cannot analogize the American Ecology entities' settlement with Zurich to any potential liability the American Ecology entities may or may not have to General Motors.

Even assuming arguendo that General Motors could have been named as an additional insured and AEC failed to have done it, the settlement between Zurich and AEC would still be irrelevant. Rule 408 of the Federal Rules of Evidence specifically addresses the inadmissibility of

---

[6] Id.

[7] August 30, 2001 Memorandum Opinion and Order at 25.

settlement agreements such as the one in question. General Motors seeks to discover this Agreement in order to show AEC's liability to General Motors.

General Motors also alleges the Settlement Agreement may be relevant to challenge the veracity of the statements contained in the affidavit of Robert M. Trimble, attached as Appendix A. If the veracity of the statements is a true issue, the Court could conduct an in-camera inspection of the relevant portions of the Settlement Agreement to determine if the statements are true.

## IV.
## THE PREJUDICE EFFECT OUTWEIGHS THE BENEFITS OF DISCLOSURE

Finally, any possible benefit that could result from the disclosure of the Settlement Agreement in question to General Motors is clearly outweighed by the prejudice it would cause to the American Ecology entities and Zurich. Strong federal policy has supported the settlement of cases. Confidentiality of settlement agreements has been a primary inducement to parties to settle cases and, thus, courts require a strong countervailing interest to breach that confidentiality.[8] Both the American Ecology entities and Zurich are still involved in insurance coverage-related litigation in New York with other third parties. Disclosure of the Settlement Agreement in question would significantly impact the claims being made against the American Ecology entities and the claims they are asserting against other third parties in the New York litigation. The New York litigation is set for trial in October 2002. Settlement negotiations are ongoing in that case, and disclosure of

---

[8]*Centillian Data Systems, Inc.,* Id at 553; In re Ford Motor Co. Bronco II Products Liability Litigation; 1995 U.S. Dist LEXIS 8298, (E.D. La. June 9, 1995).

the Settlement Agreement in question would significantly impact the negotiations and prejudice the American Ecology entities.[9]

## V.
## MOTION FOR PROTECTION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, AEC and AEESC respectfully request this Court to enter a protective order that does not require production of the confidential Settlement Agreement in question to General Motors in this litigation. The reasons supporting this issuance of a protective order denying disclosure are set forth above.

Alternatively, if this Court determines that the confidential Settlement Agreement must be produced, AEC and AEESC respectfully request that a protective order be issued that would only allow disclosure of this agreement or its contents to counsel for AEC and AEESC, General Motors' attorneys in this case, and a representative of General Motors, Art Noel. These defendants request to submit a proposed protective order to the Court regarding disclosure of this Agreement, if required.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, AEC respectfully requests that General Motors Motion to Compel be denied. In the alternative, AEC and AEESC respectfully request that this Court conduct an in-camera inspection of the relevant portions of the Settlement Agreement to determine any issue of the veracity of statements made by Robert M. Trimble in his December 19, 2001 affidavit. Alternatively, if the Court requires disclosure of the Settlement Agreement in

---

[9]See Affidavit of Robert M. Trimble attached hereto as Appendix C.

question, AEC and AEESC respectfully request that AEC and AEESC be allowed to draft an

appropriate protective order to this Court that would limit the disclosure and dissemination of the

Settlement Agreement to only the appropriate individuals.

Respectfully submitted,

**ROSEMARY SAGE JONES**
State Bar No. 17519275
**TRACY CRAWFORD**
State Bar No. 05024000
**R. BRIAN CRAFT**
State Bar No. 04972020

**RAMEY & FLOCK, P.C.**
500 First Place
P.O. Box 629
Tyler, TX  75710
903/597-3301
903/597-2413 facsimile

ATTORNEYS FOR DEFENDANT
AMERICAN ECOLOGY CORPORATION

OF COUNSEL:

**RAMEY & FLOCK, P.C.**
A Professional Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of January, 2002, a true and correct copy of the foregoing instrument was forwarded via facsimile and placed in the United States mail, certified mail, return receipt requested, with proper postage affixed thereon to all counsel of record.


KAREN D. FOWLER, CERTIFIED LEGAL ASSISTANT TO
ROSEMARY SAGE JONES